IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. FITZPATRICK,

    Plaintiff,

vs.

BRIAN FITZPATRICK, *et al.*,

    Defendants.

No. 2:12-cv-2938 GEB AC PS

ORDER

        On May 8, 2013, this court held a hearing on defendants' motions to dismiss. Plaintiff Michael Fitzpatrick appeared in pro per. Danning Jaiang appeared for defendant Gold Mountain Winery, Inc. Douglas Roeca appeared for defendants Brian and Dianne Fitzpatrick. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        The complaint, filed December 5, 2012, is factually sparse, but does allege that beginning in 1974 plaintiff "participated in a series of investments, both as Partner and Creditor, involving Defendants Brian and Dianne Fitzpatrick." Compl. ¶ 5. Plaintiff appears to allege that he loaned an unspecified amount of money on unspecified dates to Brian and Dianne –

1

presumably for business purposes – with the belief or understanding that "in the end," and despite poor accounting, he would be repaid. Instead, plaintiff claims that Brian and Dianne conspired with Gold Mountain Winery in 2011 to sell the Fitzpatrick Winery and the Fitzpatrick Lodge without plaintiff's knowledge and/or consent. Plaintiff now seeks a return on his investments in the amount of $1,000,000.

Plaintiff brings this diversity action against Brian and Dianne for breach of an implied contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, theft by deception, constructive trust, and unjust enrichment. As to Gold Mountain Winery, plaintiff claims that this entity conspired with Brian and Dianne to defraud plaintiff of his recorded interest in the wine inventory of Fitzpatrick Winery "as well as other acts." Compl. ¶ 13.

On February 27, 2013, defendants Brian and Dianne filed a motion to dismiss or, in the alternative, motion for more definite statement, to which defendant Gold Mountain Winery filed a joinder. Despite the joinder, Gold Mountain Winery filed its own motion to dismiss on March 15, 2013.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

DISCUSSION

In their respective motions, the defendants seek dismissal on the ground that plaintiff's bare complaint fails to state a claim as to any of them.[1]  The defendants argue that plaintiff's claims are so vague that they fail to meet even the liberal pleading standards of Federal Rule of Civil Procedure 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  For the reasons set forth below, the court agrees.  Accordingly, plaintiff's complaint will be dismissed.  In his opposition to both motions, plaintiff sets forth substantial, specific facts that leads the court to conclude that leave to amend should be granted.

A.   Fraud

Plaintiff alleges that all defendants defrauded plaintiff out of his unspecified shares of the Fitzpatrick Winery and Lodge and/or his share in the wines produced and sold by the Fitzpatrick Winery and Lodge after transfer to the Gold Mountain Winery.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (Cal. 1996).  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action."  Conrad v. Bank of America, 45 Cal. App. 4th 133, 156 (1996).

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with

---

[1] Alternatively, they ask that plaintiff be directed to file a more definite statement.

particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Rule 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (internal quotations omitted) (citing Gottreich v. San Francisco Investment Corp., 552 F.2d 866, 866 (9th Cir. 1977)). The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances constituting fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and that

4

> "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); Neubronner, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998) (quoting In re Worlds of Wonder Sec. Litig., 694 F. Supp. 1427, 1433 (N.D. Cal. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak,

5

to whom they spoke, what they said or wrote, and when it was said or written." <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal. App. 4th 153, 157 (1991).

The court has examined the complaint and finds it to be severely lacking, failing to satisfy Rule 9(b)'s "who, what, when, where and how" requirements as to any of the defendants. For this reason, plaintiff's fraud claim fails in its entirety.

B.   <u>Civil Conspiracy</u>

Plaintiff also alleges that Brian and Dianne conspired with Gold Mountain to defraud plaintiff. Under California law, conspiracy is not a cause of action. Rather, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-11 (Cal. 1994). Through participation in the conspiracy, each coconspirator "effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy." <u>Id.</u> at 511. Standing alone, "a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of the actual tort." <u>Id.</u>

A claim for civil conspiracy consists of three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." <u>Kidron v. Movie Acquisition Corp.</u>, 40 Cal. App. 4th 1571, 1581 (1995). "The conspiring defendants must . . . have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." <u>Id.</u> at 1582 (citing <u>Wyatt v. Union Mortgage Co.</u>, 24 Cal.3d 773, 784-86 (Cal. 1979)). This knowledge must be combined with an intent to aid in achieving the objective of the conspiracy. <u>Id.</u>; <u>Schick v. Bach</u>, 193 Cal. App. 3d 1321, 1328 (1987). An unlawful conspiracy claim must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." <u>Twombly</u>, 550 U.S. at 555. A bare allegation that a conspiracy existed does not suffice. <u>Id.</u>

Because plaintiff's fraud claim fails, plaintiff's claim of civil conspiracy

6

necessarily fails.

C.     Fiduciary Relationship

Plaintiff next brings suit against Brian and Dianne for breach of a fiduciary duty. The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) resulting damage. Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). A fiduciary relationship is created between parties to a transaction wherein one of the parties has a duty to act with the utmost good faith for the benefit of the other party. Gilman v. Dalby, 176 Cal. App. 4th 606, 614 (2009). "Absent such a relationship, a plaintiff cannot turn an ordinary breach of contract into a breach of fiduciary duty based solely on the breach of the implied covenant of good faith and fair dealing contained in every contract." Id.; Jhaveri v. ADT Sec. Servs., Inc., 2012 WL 843315, at *4 (C.D. Cal. Mar. 6, 2012) (finding that California law rejects the idea that a contractual relationship gives rise to a fiduciary relationship absent conduct or circumstances that could reasonably elevate the parties conduct above those present by virtue of the contractual relationship).

"'[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law.'" City of Hope Nat'l Med. Ctr. v. Genentech, Inc., 43 Cal. 4th 375, 386 (Cal. 2008) (quoting Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 221 (Cal. 1983)) (alteration in original).

Defendants Brian and Dianne argue that plaintiff's claim fails because they owed no fiduciary duty to plaintiff. Defendants are correct that, other than a "long standing relationship" presumably based on familial relationships, there is nothing to show that these defendants "knowingly" undertook fiduciary obligations intended to subordinate their interests to plaintiff's. Thus, plaintiff's claim fails because he has not pleaded facts establishing a fiduciary relationship.

D.     Constructive Trust

In the complaint, plaintiff asserts 'constructive trust' as one of his causes of action. "A constructive trust is 'not an independent cause of action but merely a type of remedy. . . .'" Batt v. City and County of San Francisco, 155 Cal. App. 4th 65, 82 (2007) (quoting Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023, fn.3 (2000)); see also Stansfield v. Starkey, 220 Cal. App. 3d 59, 76 (1990) ("In their third amended complaint appellants alleged, as causes of action, a resulting trust and a constructive trust. But neither is a cause of action only a remedy.") (affirming trial court's demurrer). "A constructive trust is not a true trust but an equitable remedy available to a plaintiff seeking recovery of specific property in a number of widely differing situations. The cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act that entitles the plaintiff to some relief. That relief, in a proper case, may be to make the defendant a constructive trustee with a duty to transfer to the plaintiff." BGJ Assoc., LLC v. Superior Court, 75 Cal. App. 4th 952, 967 (1999) (quotation omitted).

Plaintiff concedes that he does not assert a constructive trust claim, and he has provided no authority that a constructive trust constitute an independent cause of action under California law. Accordingly, this claim is dismissed.

E.     Theft by Deception

Plaintiff's theft by deception claim also fails because this appears to be based on a violation of a criminal statute, and a private party cannot sue for damages pursuant to a criminal statute. The court has been unable to find any authority for the proposition that "theft by deception" is an actionable tort claim.

F.     Implied Contract

Plaintiff vaguely asserts the breach of an implied contract. Under California law, a contract is either express or implied. Cal. Civ. Code § 1619. "An express contract is one, the terms of which are stated in words." Id. § 1620. "An implied contract is one, the existence and

terms of which are manifested by conduct." Id. § 1621.

In addition, California law recognizes two varieties of implied contract: contracts are implied in law where "the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice." Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal. App. 4th 1410, 1419 (1996). This is a quantum meruit claim. Id. Contracts are implied in fact where the parties' actions evince an intention to create a binding contract. Weitzenkorn v. Lesser, 40 Cal. 2d 778, 794 (Cal. 1953); see also Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975 (9th Cir. 2011). Here, it is unclear whether plaintiff is claiming to be asserting a cause of action for breach of a contract implied in law or contract implied in fact. Thus, this claim must be dismissed.

G. <u>Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff brings suit against Brian and Dianne for breach of the implied covenant of good faith and fair dealing. Generally, "[t]here is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract." Harm v. Frasher, 181 Cal. App. 2d 405, 417 (1960). A "breach of a specific provision of the contract is not a necessary prerequisite" to establishing a breach of the implied covenant of good faith and fair dealing. Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 373 (Cal. 1992). However, "[t]he implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." Berger v. Home Depot U.S.A., Inc., 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007). Because plaintiff has failed to allege the existence of a contract, this claim fails.

H. <u>Unjust Enrichment</u>

Finally, "California courts are split as to whether there is an independent cause of action for unjust enrichment." Cortez v. New Century Mortg. Corp., 2012 WL 368647, at *25 (N.D. Cal.) (citing Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal.

2007) (applying California law)). "One view is that it is a general principle underlying various legal doctrines and remedies." Id. (citing McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004)). In McBride, the court construed a "purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution." 123 Cal. App. 4th at 388. The court recognized various potential bases for a cause of action seeking restitution, including as an alternative to breach of contract damages when the parties had an express contract which was procured by fraud or is otherwise unenforceable for some reason. Id. Thus, here, a claim for unjust enrichment is properly pled as a claim for a contract implied-in-law. But, for the reasons stated, plaintiff's implied contract claim fails.

"Another view is that it is a cause of action and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another." McBride, 123 Cal. App. 4th at *25-26 (citing Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). "Determining whether it is unjust for a person to retain a benefit may involve policy considerations." McBride, 123 Cal. App. 4th at *26 (citing First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1663 (1992)). Here, plaintiff simply fails to allege what benefit, if any, the defendants received.

Accordingly, IT IS HEREBY ORDERED that defendants' motions to dismiss (ECF Nos. 6, 7, 9) are granted, and plaintiff is granted thirty days from the date of this order to file and serve an amended complaint.[2]

DATED: May 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;fitz2938.mtd

---

[2] Because plaintiff is granted leave to amend, the undersigned issues an order in lieu of findings and recommendations.