UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FITZPATRICK, | No. 2:12-cv-2938 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| BRIAN FITZPATRICK, et al., | |
| Defendants. | |

Pending before the court is plaintiff Michael Fitzpatrick's motion for the costs of service of process on defendants Brian Fitzpatrick, Diane Fitzpatrick, and Gold Mountain Winery, Inc.[1] pursuant to Federal Rule of Civil Procedure "4(d)(2)(A)." Plaintiff seeks reimbursement in the amount of $225.90 for defendants' alleged failure to return a waiver of personal service. On review of the motion, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this diversity action on December 5, 2012 for claims arising under state law. On December 22, 2012, Plaintiff sent a summons, a copy of the complaint, and request of waiver of personal service to the defendants via certified mail through the U.S. Postal Service. ECF No. 13. One packaged was signed for on December 24, 2012 by an individual named Katie,

---

[1] This defendant was voluntarily dismissed with prejudice on July 19, 2013. See ECF Nos. 38, 40.

1

whom Plaintiff claims is the daughter of defendants Brian and Dianne Fitzpatrick. ECF No. 13. Per Plaintiff, the legal agent for the third defendant, Gold Mountain Winery, Inc., signed for its package on January 2, 2013. Id. Not receiving a waiver of service from any of the three defendants, Plaintiff employed a private process server on February 1, 2013. ECF No. 12. Defendants Brian and Diane Fitzpatrick were served on February 6, 2013 for a total fee of $110.00 ($75.00 and $35.00, respectively). Id. Gold Mountain Winery was served on February 5, 2013, costing plaintiff $95.00. Id. Plaintiff now moves for fees in the amount of $225.90. This motion is unopposed.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Fed. R. Civ. P. 4(d)(1). Such a notification must also be addressed to the individual defendant, state the court where the complaint was filed, show when the request was sent, and include a copy of the complaint, two copies of a waiver form, and a prepaid method for returning the form. Id. The plaintiff shall "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F).

Once notified, a defendant "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). If the defendant does not sign and return the waiver, then, absent good cause, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

## DISCUSSION

The record in this case shows that the defendants failed to comply with the provisions set forth in the Federal Rules of Civil Procedure, having received notification of the action and a request for waiver of service of the summons. Plaintiff followed appropriate procedures and waited over 30 days after the request was sent before employing the services of a private process server. Because the defendants failed to comply with plaintiff's request for waiver of service of

summons, and because they have not shown good cause for the failure, plaintiff is entitled to reimbursement of costs.

In his moving papers, plaintiff seeks $225.90 in costs. Plaintiff has not shown, however, that he is entitled to any more than $110.00. Only defendants Brian and Dianne Fitzpatrick remain in this action; Gold Mountain Winery was dismissed with prejudice on July 19, 2013 at the request of plaintiff (ECF No. 40). Therefore, only those costs associated with the remaining defendants will be considered. Moreover, in reaching a total of $225.90 plaintiff apparently included costs of the mailings made by certified mail of the initial requests for waiver of personal service (totaling $20.90). See ECF No. 12. Rule 4(d)(2)(A) states that when a defendant fails to return a waiver of service without good cause, plaintiff is entitled to "the expenses *later* incurred in making service," not initial costs incurred in seeking waiver of service.[2] Fed. R. Civ. P. 4(d)(2)(A) (emphasis added). As defendants have not filed an opposition to demonstrate good cause for their failure to waive service, plaintiff's motion will be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for costs (ECF No. 13) is granted in part. Within twenty-one (21) days from the date of this order, defendants Brian and Dianne Fitzpatrick shall remit payment in the amount of $110.00 to plaintiff.

DATED: January 27, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] A plaintiff in this situation generally would also be entitled to an award of reasonable attorney's fees in preparing this motion for costs. See, e.g., Kennemer v. Jefferson Autoplex, L.L.C., 2004 WL 1291185, at *2 (E.D. La. June 10, 2004) (awarding costs and attorney's fees to plaintiff pursuant to Rule 4(d)(2) for defendant's failure to return waiver of service of summons); Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc., 2003 WL 21659168, at *1 (E.D. Pa. June 20, 2003) (same); Ferguson v. Interpublic Group, Inc., 1998 WL 150661, at *1 (S.D.N.Y. March 30, 1998) (same). However, as plaintiff is representing himself pro se, he is neither seeking nor entitled to attorney's fees. See Marcello v. Maine, 238 F.R.D. 113, 117 (D. Me. 2006) (finding attorney's fees for preparing service of process unavailable for pro se litigants); Prousalis v. Jamgochian, 38 Fed. Appx. 903, 905 (4th Cir. 2002) (holding attorney's fees under Rule 4(d)(2) not available to pro se attorneys).