UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FITZPATRICK, | No. 2:12-cv-02938 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| BRIAN FITZPATRICK, et al., | |
| Defendants. | |

Plaintiff Michael Fitzpatrick, who proceeds pro se, has recently sent repeated email communications to the Courtroom Deputy Clerk for the undersigned magistrate judge, seeking intervention and/or assistance regarding ongoing discovery disputes. Mr. Fitzpatrick represents that a motion to compel discovery has been mailed to the court for filing. He appears to seek an "emergency" informal telephonic discovery conference, although opposing counsel has not agreed to submit to that process. Depositions of the parties have been ordered to take place between November 15 and November 20, 2014. ECF No. 73. Discovery remains open until February 25, 2015, and motions to compel discovery must be heard no later than February 4, 2015. ECF No. 72. Because plaintiff professes confusion about the rules, the following clarification is provided.

Motions to compel discovery are governed by Fed. R. Civ. P. 37(a) and Local Rule 251. The moving party must file a motion that functions to notify the court of the dispute and place the

1

1  matter on calendar, but that does *not* include Points and Authorities (argument).  There is no
2  responsive briefing on a discovery motion.  Instead, with only limited exceptions, the parties are
3  required to file a *single* document: a Joint Statement regarding the discovery dispute, containing
4  the positions of both parties.  It is the moving party's obligation to draft and file the Joint
5  Statement, incorporating the contributions of the other parties.  The requirements for the Joint
6  Statement are set out in the Local Rule.  Any separate briefing is unauthorized and will be
7  disregarded.

8  As an alternative to this formal motion process, the undersigned offers a procedure for
9  resolving discovery disputes by informal telephonic conference.  The procedures for obtaining
10  such a conference are set forth in the document titled "Informal Telephone Conference re
11  Discovery Disputes," which is posted on the undersigned's page of the court's website.  An
12  informal telephonic conference is available only when the party seeking discovery *first obtains*
13  *the agreement of the other party* to utilize this procedure, and then contacts the courtroom deputy
14  with dates and times when all parties are available for a conference.  Unless all parties agree that
15  this method is appropriate for resolution of their dispute, the prospective moving party may not
16  avail himself of the informal process.

17  Because Mr. Fitzgerald has not represented that the parties jointly seek an informal
18  telephonic discovery conference, none will be scheduled.

19  The court will review the anticipated motion to compel in due course.

20  All previously-ordered deadlines remain in place.

21  The parties are HEREBY ORDERED to discontinue their email communications with the
22  courtroom deputy regarding the substance of their discovery dispute.  The courtroom deputy is
23  the appropriate person to contact regarding the court's calendar, arrangements for telephonic
24  appearance at hearings, and to schedule an informal telephonic conference if all interested parties
25  have agreed to that process.  She cannot provide legal advice, including information about how to
26  comply with the Rules of Civil Procedure and the Local Rules.  She will not relay any
27  information regarding the discovery dispute to the undersigned. Communication with the court
28  off the record, including attempts to communicate with the judge via the courtroom deputy, is

1  improper. With the sole exception of the joint letter authorized in relationship to an informal
2  telephonic discovery conference, any information the parties wish to present to the court must be
3  presented in filed documents. The courtroom deputy has been directed not to respond to further
4  communications regarding matters outside the scope of her duties.
5       Because plaintiff is not an electronic filer and is presently out of the country, and because
6  time is of the essence given the deposition schedule, counsel for defendants is HEREBY
7  ORDERED to send a courtesy copy of this order via email to plaintiff upon receipt.
8       IT IS SO ORDERED.
9  DATED: November 7, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE