UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FITZPATRICK, | No. 2:12-cv-02938 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| BRIAN FITZPATRICK, et al., | |
| Defendants. | |

Presently before the court is plaintiff's December 1, 2014 motion to reschedule depositions. ECF No. 80. Because this action is afflicted with obvious discovery disagreements and scheduling problems, the court will summarize the recent procedural history before addressing plaintiff's request.

On October 8, 2014, this court held a status (pretrial scheduling) conference. ECF No. 71. Plaintiff appeared in pro per and counsel Douglas Roeca appeared on behalf of defendants. ECF No. 71. On October 9, 2014, this court issued a scheduling order that set, *inter alia*, a discovery deadline of February 25, 2015. ECF No. 72 at 2. The court also scheduled a settlement conference before the undersigned for April 30, 2015. Id. at 6. The parties were directed to file a written waiver of any claim of disqualification of the undersigned conducting a settlement conference within thirty days from the date of the order. Id.

////

In addition to the scheduling order, the court issued a separate order specifically addressing the scheduling of depositions in this action. ECF No. 73. The court's October 9, 2014 order notes that plaintiff represented he would not be available until November 15, 2014 and defendants would be unavailable after November 20, 2014 and through mid-April of 2015. Id. These scheduling restrictions were confirmed at the status conference. In light of the parties' limited availability, the court ordered that the depositions of the parties take place between November 15 and November 20, 2014, inclusive, in El Dorado County. Id. The court ordered that the deposition schedule may be amended "only by stipulation filed with the court." Id.

During the first week of November, plaintiff sent repeated email messages to the Courtroom Deputy Clerk seeking court intervention in ongoing disputes regarding production of documents. On November 7, 2014, the court issued an order directing the parties to cease communicating with the Courtroom Deputy Clerk regarding the substance of their discovery dispute. The court directed plaintiff to the policy of the undersigned regarding telephonic discovery conferences, and to the Local Rules governing motions to compel. The court reiterated that "[a]ll previously-ordered deadlines remain in place." ECF No. 74.

On November 12, 2014, plaintiff filed a "request for postponement of court ordered depositions and motion to compel production of requested discovery materials." ECF No. 75. On November 13, 2014, the court denied plaintiff's motion for failure to comply with this court's prior orders and the Local Rules. ECF No. 76. The court pointed out that the deposition schedule may only be amended by stipulation of the parties and repeated the requirements of the Local Rules for filing discovery motions. Id.

On November 14, 2014, following the parties' failure to file a written waiver of any claim of disqualification of the undersigned conducting a settlement conference by the deadline articulated in the court's October 9, 2014 order, the undersigned issued an order to show cause. ECF No. 77. The court directed the parties to each file, within fourteen days, a written waiver of any claim of disqualification of the undersigned conducting a settlement conference; in the alternative, either party could file a request that a settlement conference be scheduled before another magistrate judge. Id. The fourteen day deadline has passed and the parties have again

1  failed to respond to the court's order.

2  On November 25, 2014, plaintiff filed a motion for production of documents, arguing that
3  he "has made repeated attempts to obtain [certain] documents . . . ." ECF No. 78.  The motion
4  made no mention of the depositions that were to have been completed no later than November 20.
5  Plaintiff's motion failed to comply with Local Rule 251.  On December 1, 2014, the court issued
6  a minute order vacating plaintiff's motion without prejudice to renewal in compliance with the
7  Local Rules.  ECF No. 79.

8  On December 1, 2014, plaintiff filed a motion styled as a motion to reschedule
9  depositions.  ECF No. 80.  Plaintiff avers that he returned to this country from Ireland on an
10  unspecified date in order to attend the depositions, but was thereafter unable to travel from New
11  Jersey to California for the depositions due to medical problems that prohibited him from
12  traveling until November 19.  Id. at 3.  Plaintiff states that he has attempted to reschedule the
13  deposition dates with defense counsel to no avail.  Id. at 1, 3.  Plaintiff's motion again fails to
14  comply with Local Rule 251, which states in part that "a hearing of a motion pursuant to Fed. R.
15  Civ. P. 26 through 37. . . may be had by the filing and service of a notice of motion and motion
16  scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the
17  date of filing and service."  L.R. 251(a).

18  Despite plaintiff's repeated failure to comply with the Local Rules, it is clear to the court
19  that the current discovery schedule is no longer feasible.  Accordingly, the court construes
20  plaintiff's motion as a motion to extend the discovery deadline and will grant it.  However,
21  plaintiff does not provide sufficient information for the court to properly address scheduling.  The
22  parties will therefore be ordered to file separate status reports within twenty-one days from the
23  date of this order.  The status reports must comply with Local Rule 240 and include information
24  that will enable the court to set a new discovery deadline and otherwise amend the scheduling
25  order.

26  In light of the impending amended discovery schedule, the court will vacate the April 30,
27  2015 settlement conference.  The parties are cautioned that the court is mindful of their failure on
28  two separate occasions to comply with the court's orders regarding a waiver of any claim of

disqualification. See ECF Nos. 72, 77. While the settlement conference is vacated, the parties are advised that further failures to comply with court orders, the Local Rules and the Federal Rules will result in sanctions, which may include monetary sanctions and a recommendation that this action be dismissed. See L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); see also Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 1, 2014 motion to reschedule depositions, ECF No. 80, is construed as a motion to amend the discovery scheduling order and is GRANTED;

2. Within twenty-one days from the date of this order, the parties shall file separate status reports in accordance with this order; and

3. The April 30, 2015 settlement conference scheduled before the undersigned is VACATED.

IT IS SO ORDERED.

DATED: December 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE