UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FITZPATRICK, | No. 2:12-cv-2938 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| BRIAN FITZPATRICK, et al., | |
| Defendants. | |

Pending before the court is plaintiff Michael Fitzpatrick's Motion To Compel Production of Documents and Response to Interrogatory, and defendants' request to revise the discovery scheduling order. ECF Nos. 95 & 97.  Having reviewed the motion, defendant's opposition and the record, the court will deny the motion on the papers, and vacate the hearing on the motion.

I.  PLAINTIFF'S MOTION TO COMPEL

Rule 37, Fed. R. Civ. P., permits a party to make a motion to compel discovery.  The motion may be made, however, only if the party sought to be compelled "fails to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. ("Rule") 37(a)(3)(A).  In this case, plaintiff moves to compel production of documents even though it appears that he has never properly requested the discovery in the first place.

Plaintiff asserts that he "served both the Request for Production of Documents and the Interrogatory on November 20, 2014 by regular mail and copied the Court." ECF No. 95 at 3.

1

1  There are two problems with this assertion.  First, plaintiff is in violation of the court's Local
2  Rules, which instructs him <u>not</u> to file such discovery materials with the court "unless and until
3  there is a proceeding" – such as this motion to compel – in which the material is at issue.  E.D.
4  Cal. R. ("Local R.") 250.2(c) (interrogatories) & 250.3(c) (requests for production of documents).
5       Second, although filing the discovery request violates the court's Local Rules, the filed
6  request does permit the court to confirm defendants' assertion that plaintiff never properly
7  requested the production of documents nor served the interrogatory.
8       A.     <u>Document Request</u>
9       In order to request the production of documents, plaintiff must serve a "Request" upon
10 defendants asking for the documents.  Fed. R. Civ. P. 34(a)(1).  The request should be served on
11 defendants, but it should not be filed with the court at that time.  Local R. 250.3(c).  Plaintiff
12 instead served and filed with the court a "Motion" requesting the production of documents, thus
13 creating confusion over whether defendant's response should be to produce the documents or
14 respond to the "Motion" in court.  In addition, the request "must specify a reasonable time, place,
15 and manner" for the production of the requested documents.  Fed. R. Civ. P. 34(b)(1)(B).
16 Plaintiff's "Motion" does not specify a time, place or manner for production of the requested
17 documents.
18      Plaintiff has failed to serve a proper request for production of documents on defendants,
19 and accordingly, his motion to compel production will be denied.
20      The court notes however, that in email communications between the parties, plaintiff
21 appears to have narrowed the scope of his discovery requests to six items.  <u>See</u> ECF No. 95 at 10.
22 Defendants assert in the exchange that he has produced everything "save and except items that
23 will be used for impeachment as per FRCP Rule 26."  ECF No. 95 at 10.  Plaintiff apparently
24 interprets this language to mean that defendants are withholding documents that are "an
25 apparently integral part of the 'defense' which Defendants intend to put forth at Trial and in the
26 anticipated Motion for Summary Judgment."  ECF No. 95 at 5.  Plaintiff is advised, however, that
27 defendants are not required to produce documents that will be used "solely for impeachment."
28 <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(i), (a)(1)(A)(ii), and (a)(3)(A).

Accordingly, if plaintiff is seeking only those documents that defendant has advised it will use solely for impeachment, plaintiff is cautioned that any motion to compel such documents may be viewed as frivolous, and may make him subject to sanctions.

### B.  Interrogatory

In order to obtain answers to an interrogatory, plaintiff must serve the interrogatory upon defendants. Fed. R. Civ. P. 33(a)(1).  The request should only be served on defendants, and should not be filed with the court at that time.  Local R. 250.2(c).  Plaintiff asserts that he served an interrogatory on defendants, citing his November 20, 2014 filing with the court as proof.  However, that filing contains no interrogatory.  Moreover, in plaintiff's motion to compel, he does not specify what the interrogatory is, in violation of Local R. 251(c) ("Each specific interrogatory, . . . and the objection thereto shall be reproduced in full").

Plaintiff has failed to serve the unidentified interrogatory on defendants, and accordingly, his motion to compel an answer will be denied.

### C.  Going Forward

Plaintiff is free to serve his discovery requests in conformance with the federal rules, the rules of this court, and the scheduling order.  After plaintiff has made a proper discovery request, defendants will be obligated to respond to the document request, by either agreeing to produce or by objecting.  See Fed. R. Civ. P. 34(b)(2).  Only after defendants have failed to respond properly, or have objected to the discovery, is plaintiff permitted to move to compel, in compliance with Fed. R. Civ. P. 37.

## II. DEFENDANTS' REQUEST TO REVISE SCHEDULING ORDER

Defendants request that the court issue an order that "plaintiff may not serve written discovery on defendants until April 25, 2015," when defendants will return from sailing on the Sea of Cortez.  ECF No. 97 at 3.  This request is substantively identical to the request defendants made just two months ago, in their Status Report of December 22, 2014, and which the court denied.  See ECF No. 86 (Status Report requesting an order "that plaintiff be prohibited from serving any written discovery on defendants until May 1, 2015"); ECF No. 88 (denying the request, the court states it "is not prepared to micromanage discovery in such a way that sets

specific deadlines for every aspect of the discovery process"). Defendants have offered no explanation for why they have renewed the request, and the court notes that they did so without mentioning that the request was previously denied. The request will again be denied. Defendants are cautioned that going forward, they risk sanctions for repeatedly requesting relief that has been denied, with no explanation for why a different result should obtain this time around, and with no disclosure that the relief has previously been sought and denied.

## IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 95), is DENIED without prejudice to its renewal after plaintiff has complied with the rules governing discovery practice.

2. Defendants' request to revise the scheduling order (ECF No. 97), is DENIED.

3. The hearing scheduled for February 18, 2015, to consider the above matters, is VACATED.

DATED: February 17, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE