UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FITZPATRICK,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN FITZPATRICK; and DIANNE FITZPATRICK,<br><br>    Defendants. | No. 2:12-cv-02938-GEB-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

On March 16, 2016, twelve days after judgment was entered in this action, Plaintiff filed a motion for reconsideration of the order granting summary judgment in favor of Defendants. (Mot. in Req. of Recons. of Decision to Approve Defs.' Mot. in Req. of Summ. J., ECF No. 143.) Defendants did not file an opposition brief or statement of non-opposition in response to this motion for reconsideration. Subsequently, Defendants filed a motion for sanctions, under Federal Rule of Civil Procedure ("Rule") 11 and the court's inherent power to impose sanctions. (Mot. for Sanctions under Rule 11 & on Court's Inherent Power, ECF No. 144.)

### I. MOTION FOR RECONSIDERATION

Plaintiff's motion for reconsideration, filed within twenty-eight days of entry of judgment, is considered under Rule 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of

1

the judgment."); see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) . . . .").

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff's motion is defectively filed under the Local Rules since he has failed to notice it for a hearing date. See E.D. Cal. L.R. 230(b). Furthermore, Plaintiff fails to demonstrate that he is entitled to relief from the judgment. For these reasons, Plaintiff's motion for reconsideration is DENIED.

## II.  MOTION FOR SANCTIONS

Defendants seek attorneys' fees as a sanction for Plaintiff's alleged improper filing of his Second Amended Complaint, arguing in part that Rule 11 sanctions should be imposed on Plaintiff. But Defendants have failed to comply with

1  Rule 11(c)(2)'s safe harbor provision. "The safe harbor provision
2  gives an attorney the opportunity to withdraw or correct a
3  challenged filing by requiring a party filing a Rule 11 motion to
4  serve the motion 21 days before filing the motion." <u>Retail</u>
5  <u>Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC</u>, 339 F.3d
6  1146, 1150 (9th Cir. 2003). Plaintiff no longer has the
7  opportunity to withdraw his Second Amended Complaint, since
8  Defendants filed their motion for sanctions on March 21, 2016,
9  after judgment was entered on March 4, 2016; accordingly,
10 Defendants cannot seek sanctions under Rule 11. <u>See</u> <u>id.</u>
11 (reversing the district court's award of sanctions, where
12 defendant "did not serve or file its motion until well after the
13 time in which [plaintiff] could correct or withdraw its complaint
14 had lapsed"); <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>,
15 369 F.3d 385, 389 (4th Cir. 2004) ("Because the [R]ule [11]
16 requires that the party submitting the challenged pleading be
17 given an opportunity to withdraw the pleading, sanctions cannot
18 be sought after summary judgment has been granted."). For this
19 reason, the portion of Defendants' motion seeking sanctions under
20 Rule 11 is DENIED.

21         Defendants also seek sanctions under the federal
22 court's inherent power. Unlike Rule 11 sanctions, sanctions under
23 this power may be awarded after entry of judgment. <u>See</u> <u>Haeger v.</u>
24 <u>Goodyear Tire & Rubber Co.</u>, 813 F.3d 1233, 1245-47 (9th Cir.
25 2016) (imposing sanctions for discovery fraud discovered after
26 cases settled under the court's inherent power), *petition for*
27 *cert. filed*, 15-1406. However, Defendants' motion is defectively
28 filed under the Local Rules since they have failed to notice it

for a hearing date before this court. See E.D. L.R. 230(b). Nor have Defendants shown that the Court's inherent authority should be the basis for sanctions in the situation where a federal rule prescribes the circumstances under which sanctions could be imposed. Accordingly, Defendants' motion for sanctions is DENIED.

Dated: May 27, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge